FILED BY _____ D.C.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE DEC 30 PM 2:39
WESTERN DIVISION

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN, MEMPHIS

```
                              X
TYRONE HILL,                  X
                              X
         Plaintiff,           X
                              X
vs.                           X      No. 05-2327-D/An
                              X
CASSANDRA ALLEN,              X
                              X
         Defendant.           X
                              X
```

ORDER ASSESSING FILING FEE
AND
ORDER TO ISSUE SERVICE OF PROCESS FOR DEFENDANT

Plaintiff, Tyrone Hill, booking number 3136054, an inmate confined at the Shelby County Criminal Justice Center (Jail),[1] has filed a complaint under 42 U.S.C. § 1983. The Clerk of Court shall file the case and record the defendant as Cassandra Allen.

I.  Assessment of Filing Fee

Under the Prison Litigation Reform Act of 1995 (PLRA), 28 U.S.C. § 1915(b), all prisoners bringing a civil action must pay the full filing fee of $250 required by 28 U.S.C. § 1914(a). The in forma pauperis statute, 28 U.S.C. § 1915(a) merely provides the prisoner the opportunity to make a "downpayment" of a partial filing fee and pay the remainder in installments.

---

[1]     The word prison is used in this order to refer to all places of confinement or incarceration, including jails, penal farms, detention and classification facilities, or halfway houses.

In this case, plaintiff has properly completed and submitted both an in forma pauperis affidavit and a prison trust fund account statement. Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that the plaintiff cooperate fully with prison officials in carrying out this order. It is further ORDERED that the trust fund officer at plaintiff's prison shall calculate a partial initial filing fee equal to twenty percent of the greater of the average balance in or deposits to the plaintiff's trust fund account for the six months immediately preceding the completion of the affidavit. When the account contains any funds, the trust fund officer shall collect them and pay them directly to the clerk of court. If the funds in plaintiff's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in the plaintiff's account and forward them to the clerk of court.

On each occasion that funds are subsequently credited to plaintiff's account the prison official shall immediately withdraw those funds and forward them to the clerk of court, until the initial partial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from the plaintiff's account and pay to the clerk of this court monthly payments equal to twenty percent (20%) of all deposits credited to plaintiff's account during the preceding month, but only when the

2

amount in the account exceeds $10.00, until the entire $250.00 filing fee is paid.

Each time that the trust fund officer makes a payment to the court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order, and file it with the clerk along with the payment.

All payments and account statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee, 167 N. Main, Room 242, Memphis, TN 38103

and shall clearly identify plaintiff's name and the case number on the first page of this order.

If plaintiff is transferred to a different prison or released, he is ORDERED to notify the court immediately of his change of address. If still confined he shall provide the officials at the new prison with a copy of this order.

If the plaintiff fails to abide by these or any other requirement of this order, the court may impose appropriate sanctions, including either dismissal or a monetary fine or both, without any additional notice or hearing by the court. The clerk shall mail a copy of this order to the prison official in charge of prison trust fund accounts at plaintiff's prison.

II.  Analysis of Plaintiff's Claims

Plaintiff Hill alleges that defendant Allen stabbed him in the back with an ink pen. He further alleges that he has exhausted his

administrative remedies against her.  Hill seeks $5,000 for medical treatment, $10,000 for pain and suffering, and $100,000 for cruel and unusual punishment.

III.  ISSUANCE OF SERVICE FOR DEFENDANT

It is ORDERED that the clerk shall issue process for Cassandra Allen and deliver said process to the marshal for service.

Service shall be made on the defendant either by mail pursuant to Rule 4(e)(1) and Tenn. R. Civ. P. 4.03 and 4.04(10) or personally pursuant to Rule 4(e)(2) if mail service is not effective.  All costs of service shall be advanced by the United States.

It is further ORDERED that the plaintiff shall serve a copy of every further document filed in this cause on the attorney for the defendant, or on the defendant if he has no attorney.  The plaintiff shall make a certificate of service on every document filed.  The plaintiff shall promptly notify the clerk of any change of address or whereabouts.

Failure to comply with these requirements, or any other order of the court, may result in this case being dismissed without further notice.

IT IS SO ORDERED this _30th_ day of December, 2005.

BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

4